UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH GIGGER, )
)
Plaintiff, )
)
v. ) Civil Action No. 10-0364 (RMC)
)
CORRECTIONS CORPORATION )
OF AMERICA, et al., )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion Seeking Relief from Administrative Segregation and Defendants' Motion to Reconsider the Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. The Court will deny the former and grant the latter.

*I. Plaintiff's Motion Seeking Relief from Administrative Segregation*

Since August 12, 2010, Plaintiff has been detained at the Correctional Treatment Facility ("CTF"), which is operated by the Corrections Corporation of America ("CCA"). Pl.'s Mot. [Dkt. #28] ¶ 1. CCA officials have designated Plaintiff a "high custody" detainee and placed in him administrative segregation. *See id.*; Defendants Corrections Corporation of America and Officer Williams's Response to Plaintiff's Motion to be Released from Administrative Custody ("Defs.' Opp'n") [Dkt. #31], Ex. 2 (Initial Internal Custody Classification) at 2. Because he is confined to a wheelchair, Plaintiff has been placed in the

1

CTF's medical unit. Defs.' Opp'n at 3.

According to Plaintiff, he has been denied recreation, soap, showers, and opportunities to attend religious services. Pl.'s Mot. ¶¶ 1-2. In addition, he allegedly has been denied access to the law library, making it "next to impossible to respond properly to defendant's" pending motion to dismiss.[1] *Id.* ¶ 3. For these alleged violations of rights protected under the Fifth and Eighth Amendments to the United States Constitution, Plaintiff demands a transfer to another facility, attendance at weekly religious services, and access to the law library. *Id.* at 2.

Plaintiff has been detained pending trial on a charge of Third Degree Sexual Abuse under D.C. Code § 22-3004(2).[2] *See* Defs.' Opp'n, Ex. 1 (Findings of Fact, Conclusions of Law and Order of Detention Pending Trial, <u>United States of America v. Joseph Grigger aka Yasuf Wadud</u>, No. 2010-CF3-13814 (D.C. Super. Ct. [Sept. 30, 2010])) ¶ 1.[3] Plaintiff allegedly was in a wheelchair when he encountered the victim in a store, fondled her, indicated to her that he had a gun, followed her home, arose from his wheelchair, walked up the stairs to the victim's apartment and began banging on the apartment door, *see id.* ¶¶ 2-6, and still was banging on the apartment door when police arrived and arrested him, *id.* ¶ 7. Based on the violent nature of this

---

[1] Plaintiff filed his opposition to defendants' motion to dismiss on September 20, 2010.

[2] A person who engages in or causes sexual contact with or by another person by threatening or placing that other person in reasonable fear that any person will be subjected to death, bodily injury, or kidnapping faces a term of up to 10 years' imprisonment and a fine not to exceed $100,000. D.C. Code § 22-3004(2). This offense is a crime of violence. D.C. Code § 23-1331(4).

[3] Review of the Superior Court's docket (https://www.dccourts.gov) shows that the Findings of Fact and Conclusions of Law were entered on September 30, 2010.

offense, Plaintiff's 34 prior convictions in multiple jurisdictions for assault, indecent exposure, robbery, trespass and other offenses, the two other assault charges then pending in the Superior Court, as well as his status as a supervised probationer at the time of this offense, the Magistrate Judge deemed Plaintiff "a danger to the community and unlikely to comply with any conditions of release in this case," *id.* ¶ 11.d.

Defendants represent that although Plaintiff "receives one hour of recreation every day . . . [he sometimes] does not want to go" when the medical officer offers him recreation. *Id.*, Ex. 5 (Points Aff.) ¶ 4. He receives two bars of soap each week, although he was once denied soap when "a cell search revealed that he was hoarding soap and shampoo in his cell." *Id.* ¶ 5. Because he is in segregation, Plaintiff "cannot . . . attend group worship" services although he can, but has not, "asked for any religious items or made any requests with respect to his practice of religion." *Id.* ¶ 6. "As with all other segregation inmates, [Plaintiff's] legal access is accomplished through requests to the law librarian," but it does not appear that Plaintiff has requested legal materials. *Id.*

The Court has reviewed the parties' submissions and concludes that Plaintiff fails to demonstrate a violation of his constitutionally protected rights. A prisoner has no constitutionally protected interest in his place of confinement or security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (holding that a prisoner has no constitutionally protected interest in the place of his confinement); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (finding that prisoner's liberty interest is not implicated by his transfer from a medium to a maximum security institution); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting that prison officials' exercise of discretion to assign a security classification to an inmate does not implicate

an inmate's liberty interest); *Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007) (affirming district court's ruling that a "reduction in [plaintiff's] classification level does not implicate a liberty interest"). The conditions of his current confinement do not impose an "atypical and significant hardship on [Plaintiff] in relation to ordinary incidents of prison life," *Sandin v. Connor*, 515 U.S. 472, 484 (1995), and, accordingly, his motion seeking relief from administrative segregation will be denied.

*II. Defendants' Motion to Reconsider the Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis*

Defendants move for reconsideration of the Court's April 29, 2010 Order granting Plaintiff's request for leave to proceed *in forma pauperis*. Defendants' Motion to Reconsider the Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("Defs.' Mot. to Recons.") at 1. Defendants argue that Plaintiff has accumulated more than "three strikes" under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(g), and is no longer eligible to proceed *in forma pauperis*. Defs.' Mot. to Recons. at 3.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). "This section is referred to as the 'three strikes' rule." *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) (citing *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000)). There is an exception for a prisoner who shows that he "is under imminent danger of serious physical injury" at the time he files suit. 28 U.S.C. § 1915(g).

4

Defendants demonstrate that Plaintiff has accumulated five "strikes" for purposes of the PLRA. *See Gigger v. Riley*, No. 1:01-cv-636 (N.D. Ga. Apr. 19, 2001) (dismissing complaint as frivolous under 28 U.S.C. § 1915A); *Gigger v. Pocock*, No. 1:00-cv-2053 (N.D. Ga. Sept. 6, 2000) (dismissing action under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted); *Gigger v. Pitts*, No. 1:96-cv-948 (N.D. Ga. May 3, 1996) (dismissing complaint under 28 U.S.C. § 1915(d)); *Gigger v. Pitts*, No. 1:96-cv-713 (N.D. Ga. May 2, 1996) (dismissing complaint under 28 U.S.C. § 1915(d)); *Gigger v. Graves*, No. 2:92-cv-2021 (W.D. Tenn. Feb. 24, 1992) (dismissing as frivolous a civil rights action against court-appointed public defenders, District Attorney, private attorney, and state judge).[4]

Plaintiff does not contest the accumulation of strikes; rather, he argues that he may proceed *in forma pauperis* under the "imminent danger" exception. *See* Pl.'s Mot. to Stay at 1. Plaintiff claims that he "is in imminent danger every single day," *id.*, and offers as an example an incident during which an inmate was allowed to enter his cell "to read [the] police report on [his] pending case," and after which the inmate "threatened to drop [him] on [his] head and make [Plaintiff] his bitch." *Id.* In another incident, occurring on August 13, 2010, an inmate allegedly "took [Plaintiff's] wheelchair & slung it sideways with [him] in it." *Id.* at 1-2.

To evaluate whether Plaintiff qualifies under the "imminent danger" exception to

---

[4] Prior to the PLRA, under 28 U.S.C. § 1915(d), "a court could dismiss a case if the allegation of poverty was untrue or if the action was frivolous or malicious." *Bailey v. Tatum*, No. CV508-075, 2009 WL 1598417, at *1 n.2 (S.D. Ga. June 5, 2009). The Court may consider pre-PLRA dismissals in determining whether a prisoner has accumulated "three strikes." *See, e.g., White v. City of Dallas*, No. 3:07-CV-0925-D, 2007 WL 1793561, at *2 (N.D. Tex. June 21, 2007); *Israel v. Donahue*, No. 3:06-cv-0809, 2006 WL 3833390, at *1 (N.D. Ind. Dec. 13, 2006); *Johnson v. Luttrell*, No. 04-2933, 2005 WL 1972579, at *1 n.2 (W.D. Tenn. Aug. 11, 2005).

the PLRA, the Court "look[s] only to the documents attesting to the facts at that time" he filed his complaint. *See Ibrahim*, 463 F.3d at 6; *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("We are in agreement with [the Circuits] holding that it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). Plaintiff's cause of action arises from a specific incident on January 11, 2010, during which he allegedly was assaulted by another inmate after a correctional officer opened his cell to allow the inmate entry. The complaint does not allege that Plaintiff is in imminent danger of serious bodily injury, and the incidents described in his motion occurred after the filing of his complaint and do not overcome the effect of the "three strikes" rule. *See Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420-21 (D.C. Cir. 2009) (concluding that an informant's transfer to a penitentiary known for assaults on "snitches" did not meet the imminent danger exception because the complaint did not allege an actual or ongoing threat); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding that a prisoner did not qualify under the "imminent danger" exception where "[t]he only allegations . . . that [he] was in imminent danger of serious physical injury were the alleged events which formed the basis for his Complaint," and the "threat . . . had ceased prior to the filing of his Complaint").

      The Court concludes that Plaintiff has accumulated more than three strikes for purposes of the PLRA, and that he does not qualify for *in forma pauperis* status under the "imminent danger" exception. Defendants' motion will be granted, and the Court will allow Plaintiff a period within which to pay the filing fee in full. The Court will defer consideration of Defendants' pending motion to dismiss.

An Order accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge

DATE: 12 November 2010